UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER BALL,

                Plaintiff,

      v.                                                    Case No. 22-CV-69

LANDMARK CREDIT UNION,

                Defendant.

## ORDER

On August 30, 2022, defendant Landmark Credit Union filed a motion to compel plaintiff Christopher Ball to provide certain discovery. (ECF No. 24.)

Ball, who is representing himself, alleges that on December 21, 2021, he went to a Landmark Credit Union for the purpose of obtaining a $30,000 personal line of credit. (ECF No. 1 at 3.) He was presented with a loan application that lacked required disclosures regarding finance charges, interest rates, and rights of rescission. (ECF No. 1 at 3.) The loan officer never filed the application. (ECF No. 1 at 3.) Ball never received the loan nor was he given a reason why his application was denied. (ECF No. 1 at 3.) Ball needed the $30,000 line of credit so he could purchase gifts for his family, and the denial caused him humiliation and depression. (ECF No. 1 at 3.) As damages he seeks

the $30,000 line of credit as well as "fines" pursuant to various federal laws. (ECF No. 1 at 5.)

Judge Adelman granted Ball's request to proceed without prepaying the filing fee and ordered the defendant to respond to the complaint. (ECF No. 3.) The case was then reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF Nos. 5, 11.)

Landmark has filed a motion to compel Ball to fully respond to its First Set of Written Discovery Requests. (ECF No. 24.) Landmark presented the following relevant interrogatories to Ball:

> 2. Describe in detail all sources of income you were receiving as of December 21, 2021.
>
> 3. Identify your prior employment history with the name of your employers, your job tides, job descriptions, and approximate monthly salary at that job, from January 1, 2019, to present day.
>
> 4. Identify all assets you owned as of December 21, 2021, that had a value of $10,000 or more, the amount paid for the asset, and the approximate date of purchase.
>
> 5. As of December 21, 2021, identify every financial account that was owned by you, the name of the financial institution at which the account was held, and the approximate value of the account.
>
> * * *
>
> 7. Describe in detail the actual specific amount of financial loss you contend you incurred because you did not obtain a line of credit from Landmark.

> 8. Other than applying for a loan at Landmark, describe in detail any other steps you took to secure funds to purchase Christmas presents in the year 2021.

(ECF No. 25-1 at 7.)

Ball responded: "I decline to answer 2-8. That information is private and irrelevant pursuant to the laws in the Truth In Lending and Equal Credit Opportunity Act (15 USC 1691)." (ECF No. 25-4 at 6.)

Landmark also made the following relevant document requests:

> 2. Produce any documents you have to support your answers to Interrogatory Numbers 2, 3, 4, 5, 6, and 7.
>
> 3. Produce all Documents Related to your alleged damages in this case.

(ECF No. 25-1 at 7-8.)

Hall responded:

> 2) Decline for reason stated above
> 3) 1 copy of the Affidavit of Truth and a copy of the damages in the complaint.

(ECF No. 25-4 at 6.)

Counsel for Landmark attempted to resolve its dispute with Ball in accordance with Civil Local Rule 37 but was unsuccessful. (ECF No. 24.)

Ball submitted a "rebuttal" to Landmark's motion to compel. (ECF No. 28.) In it he disputes Landmark's characterization of certain facts and the purpose of the Truth in Lending Act. (ECF No. 28 at 1-2.) He argues that he had a "right" to credit and thus the denial of credit was itself the harm. (ECF No. 28 at 3.) He also asserts that the

information is not relevant because federal law did not require him to disclose it before Landmark would extend him credit. (ECF No. 29 at 1.)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Setting aside the fact that Ball's position appears to be based on a misunderstanding of the definition of "credit" contained in 15 U.S.C. § 1602(f) and, specifically, its reference to "credit" being a "right" (*e.g.*, something that may be affirmatively asserted, such as the constitutional right to due process), Ball has failed to show that Landmark's requests are irrelevant or disproportionate. Although people are naturally reluctant to disclose information they regard as private, an assertion that information is "private" is not a basis for withholding discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) ("The Rules do not distinguish between public and private information."). Nor is the fact that federal law might not have required him to disclose the information as part of an application for credit. Lenders have broad discretion as to what information they will consider in deciding whether to extend credit. *Cf.* 15 U.S.C. § 1691. But regardless of whether Ball would have been required to disclose the information as part of his credit application, discovery is broader because

the issues in this case are more than simply whether Ball's application would have been denied. For example, Ball's overall financial circumstances are relevant to questions of his damages and his efforts and ability to mitigate those damages. Consequently, discovery is not limited to only the information that Ball may have been required to disclose in a credit application.

The discovery requested by Landmark is routine. Landmark has demonstrated that all of the information sought in the above-quoted interrogatories and requests for production is relevant to Ball's claims and Landmark's defenses and proportional to the needs of the case. Therefore, Landmark's motion to compel (ECF No. 24) is **granted**. No later than **September 29, 2022**, Ball shall provide full and complete answers to Interrogatories numbers 2, 3, 4, 5, 7, and 8 and Requests for Production numbers 2 and 3.

Having granted the motion, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Landmark shall file any request for reasonable

expenses no later than **September 29, 2022**. Ball may respond no later than **October 7, 2022**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 9th day of September, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge