UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER BALL,

          Plaintiff,

v.                                           Case No. 22-CV-69

LANDMARK CREDIT UNION,

          Defendant.

## ORDER

On September 9, 2022, the court granted Landmark Credit Union's motion to compel Christopher Ball to provide certain discovery. (ECF No. 30.) On September 16, 2022, Ball filed what he captioned as a "Motion to Vacate Order" in which he offers a "rebuttal" to six statements the court made in its order. Ball relies on Federal Rule of Civil Procedure 60(a). But that provision applies only to clerical matters and is irrelevant. *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986) ("The Rule does not permit alterations of factual and legal decisions deliberately made.") Ball's motion is more properly grounded either in Rule 60(b) or the court's inherent power to reconsider its non-final orders.

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Consequently, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269). Nor is reconsideration an "appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. "[D]eveloping an argument for the first time in a motion to reconsider is too late." *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (citing *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments ... raised for the first time in [a] motion to reconsider are waived.")).

Having thoroughly reviewed Ball's "rebuttal," the court finds no merit to any of his arguments. Accordingly,

**IT IS THEREFORE ORDERED** that Ball's "Motion to Vacate Order" (ECF No. 35) is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of September, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge